UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| Lazaro Raul Pinera Rodriguez,<br><br>Petitioner,<br><br>v.<br><br>Immigration Customs & Enforcement (ICE), and Pedro Janier Dupairon Rivera,<br><br>Respondents. | No. 6:26-CV-508-CRW-DTG |

**ORDER DISMISSING CASE DUE TO LACK OF STANDING**

Before the Court is Immigration and Custom Enforcement's (ICE) motion to dismiss (Dkt. No. 7) Lazaro Raul Pinera Rodriguez's petition for writ of habeas corpus (Dkt. No. 1). Because the Court concludes that Pinera Rodriguez lacks standing, it grants the motion to dismiss under Fed. R. Civ. P. 12(b)(1) and dismisses the habeas petition.

**Background**

Pinera Rodriguez filed a petition for writ of habeas corpus on August 5, 2026. Dkt. No. 1. He listed his address as McLennan County Jail. *Id.* at 1. On September 30, 2026, the Court ordered that the respondents show cause by October 5 as to why the Court should not grant habeas relief. Dkt. No. 6. The government filed this motion on October 5, claiming that the Court lacks jurisdiction over Pinera Rodriguez's habeas claim because he is in jail, not ICE custody. Dkt. No. 7.

## Legal Standard

A party may assert lack of subject-matter jurisdiction by motion. FED. F. CIV. P. 12(b)(1). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001). Considering Rule 12(b)(1) motions first "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). The party asserting jurisdiction bears the burden for a 12(b)(6) motion. *Ramming*, 281 F.3d at 161.

"Article III of the Constitution limits federal courts' jurisdiction to certain 'Cases' and 'Controversies.'" *Louisiana v. United States Dep't of Energy*, 90 F.4th 461, 467 (5th Cir. 2024) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398 (2013)). The doctrine of standing "is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To establish constitutional standing, a plaintiff must show an "injury in fact" that is "fairly traceable" to the defendant's action and "likely" to be "redressed by a favorable decision." *Id.* at 560–61. The proper respondent in a habeas case is the detainee's immediate custodian. *Padilla v. Rumsfeld*, 542 U.S. 426, 434 (2004).

## Analysis

Here, Pinera Rodriguez is in jail for criminal activity so he has not shown any injury—"an invasion of a legally protected interest"—the Court could redress. *See Lujan*, 504 U.S. at 560. Thus, Pinera Rodriguez cannot establish constitutional standing.

Moreover, Pinera Rodriguez named ICE and Pedro Janier Dupairon Rivera individually as respondents in his habeas petition. But Pinera Rodriquez is currently detained in the McLennan County jail for criminal activity. Dkt. No. 1 at 1, Dkt. No. 7 at 1. He is not in ICE custody. Dkt. No. 7 at 1. So Pinera Rodriguez's injury, if any, is not fairly traceable to ICE's action and cannot be redressed by a favorable decision in this case. He also failed to sue his immediate custodians, the McLennan County jail or its warden acting in his official capacity. So the Court cannot afford Pinera Rodriguez any relief based on his habeas petition.

Because the Court concludes that Pinera Rodriguez lacks standing, it does not address the government's motion under Rule 12(b)(6).

## Conclusion

Therefore, the Court grants the government's Rule 12(b)(1) motion to dismiss Pinera Rodriguez's petition.

So ordered on October 7, 2026.

Chris Wolfe
CHRISTOPHER R. WOLFE
UNITED STATES DISTRICT JUDGE